UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANA JOANN GRAFF                                                                                         PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:07CV-P655-S

TROY POLLOCK *et al.*                                                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Dana JoAnn Graff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate incarcerated at the Kentucky Correctional Institution for Women (KCIW). As Defendants, she names the following officials/entity in their official capacities only: Troy Pollock, Deputy Warden of Programs at KCIW; Henretta Crews, Warden at KCIW; John Rees, former Commissioner of the Kentucky Department of Corrections;[1] and the Kentucky Department of Corrections. As relief, Plaintiff seeks monetary and punitive damages in the amount of $200,000 each.

In the complaint, Plaintiff reports that on December 21, 2006, she slipped and fell on a sidewalk at KCIW and temporarily lost consciousness. She reports that she was then unable to get up by herself so someone yelled for help, and Officers Mayes, Boggs and Dragoo, Lieutenants Wilson and Adkins, and Sergeant Burke went to assist her. Plaintiff claims that Sergeant Burke

---

[1] Under Fed. R. Civ. P. 25(d), "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." The Court takes judicial notice that Rees's successor as Commissioner of the Kentucky Department of Corrections is LaDonna H. Thompson.

made a comment that Plaintiff was faking. Nurse Willis advised the officers to put Plaintiff on a stretcher and take her to medical. Nurse Willis called Dr. Denise Burkett, who directed Nurse Willis to call 911. Plaintiff was then transported to the hospital, where x-rays revealed a broken leg and hip. Plaintiff reports that she underwent a total hip replacement surgery on September 25 2007, and underwent a second surgery on her hip on October 22, 2007, because of a loose rod. Plaintiff reports that she must walk with a walker and, for longer distances, must use a wheel chair. She also reports attending physical therapy twice a week and being unable to do many things she used to be able to do.

Plaintiff claims that she would not have broken her hip if the sidewalks at KCIW were "fixed right." She advises that the sidewalks are not even with the ground and that they are gutted out, leaving a big drop off. Plaintiff reports writing a letter on October 17, 2007, to Defendant Deputy Warden Pollock, who visited Plaintiff on October 22, 2007. Plaintiff states that Pollack asked her what she wanted him to do, to which Plaintiff replied that she wanted the sidewalks to be fixed.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

**A.      42 U.S.C. § 1983**

Plaintiff sues Defendants only for damages and only in their official capacities. The Court will dismiss these claims on two bases. First, Defendants Pollock, Crews, and Rees, as state officials sued in their official capacities for damages, and the Kentucky Department of Corrections,[2] as an arm of the state, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ( "The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Second, none of the Defendants are "persons" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71

---

[2]The Kentucky Department of Corrections is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

(concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Consequently, the § 1983 official capacity claims for damages against all Defendants (who are sued only in their official capacities for damages) will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

**B.      State-law claim**

Although not specifically referenced in her complaint, it appears to the Court that Plaintiff may be attempting to assert a state-law negligence claim.  Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows:  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Having dismissed all federal § 1983 claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim.  *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, the state-law claim will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005